UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANDICE MARIE GRIESMAR, | ) | CASE NO.: 5:20-CV-01356 |
| | ) | |
| Plaintiff, | ) | JUDGE: SARA LIOI |
| | ) | |
| vs. | ) | **DEFENDANTS' OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION TO STAY OR** |
| CITY OF STOW, OHIO, et al., | ) | **DISMISS FEDERAL CLAIMS AND** |
| | ) | **REMAND TO STATE COURT** |
| Defendants | ) | |

Now come Defendants, City of Stow, Ohio, Officer Jason Bailey, and Lt. Heather Prusha, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and hereby oppose Plaintiff's Motions to Stay or Dismiss. Plaintiff pled federal claims under 42 U.S.C. § 1983 which entitle Defendants to litigate these federal claims before this court. After the court determines the merits of these federal claims, this court then decides whether to exercise pendent jurisdiction. Plaintiff's dual Motions are requests to reverse and contort the removal process to allow her to litigate the state claims first. The court should deny Plaintiff's Motion for Stay and Remand and Motion to Dismiss only the federal claims.

If Plaintiff sincerely did not want "to make a federal case" out of her claims, she should not have filed these federal claims in Claim One and Two of her complaint. Yet, she did make a federal case out of her claims and those claims are legitimately before this court.

Obviously, Plaintiff does not want this court to entertain her § 1983 claims and pendent state claims and is forum shopping, despite disavowing any manipulative motive.[1]

Nothing in these Motions asserts any defect in the removal petition to support remand. In fact, Plaintiff admits there is none. Plaintiff's Motion seeks a decision from this court on alternative Motions:

1. Motion for Stay of her § 1983 claims ( First and Second Claim) and remand of remaining state claims; or

2. Motion to dismiss [it] without prejudice (sic) combined with a remand of the pendent state claims.

Plaintiff Griesmar's first option splits her claims for consideration in two venues based on a single complaint. Grismar seeks a stay of her federal claims and requests that this court decline to exercise pendent jurisdiction now instead of after consideration of her federal claims.

Her second option seeks to extract and dismiss her federal claims from this complaint without prejudice and remand the state claims to the Summit County Court of Common Pleas seemingly leaving the door open for resurrection of her federal claims under § 1983 for a later date.

---

[1] District courts are directed to consider whether plaintiffs used 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.' " *Harper*, 392 F.3d at 211 (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 357). The situation before the Court in this case would seem to mirror the one described by the Supreme Court. A plaintiff who chooses to file a complaint containing federal claims in a state forum runs the risk of removal. If Plaintiffs believed that having the case in the Michigan courts was more important than their federal claims, they would have been better served by not making a RICO claim that provided Defendants the right to remove to a federal forum. The *Carnegie-Mellon* Court made fairness one of the factors to be considered with regards to jurisdiction. Fairness to Defendants requires that tactical manipulation by Plaintiffs not be allowed to bring about the remand of this case to state court. *Strickland v. Wells Fargo & Co.,* No. 1:16-CV-00109, 2016 WL 6127838, at *2 (W.D. Mich. July 26, 2016)

2

The only avenues this case can return to state court based on this complaint are:

1. If the court dismisses this entire action (which is not requested by Plaintiff) and refiling of only the state claims in state court; or

2. If this court, after entertaining the merits of the § 1983 claims, dismisses the federal claims and declines to exercise pendent jurisdiction under 28 U.S.C. § 1367. *See  Stayrook v. Verizon Wireless Services, LLC.,* 2007 WL 1560280,*2 (N.D.Ohio 2007) (stating once federal claims are eliminated and state claims remain that, "remand becomes a discretionary decision for the district court.").

## I. PLAINTIFF IS NOT ENTITLED TO DISMISSAL OF ONLY HER FEDERAL CLAIMS UNDER FEDERAL CIVIL RULE 41 (A) AND REMAND TO THE SUMMIT COUNTY COURT OF COMMON PLEAS.

Federal Rule 41 (a) (2) permits Plaintiff to seek dismissal of her *action*.  Despite Plaintiff's citation to this Rule, this rule is inapplicable to her Motion to Dismiss.  Plaintiff is not requesting dismissal of her *action* under Federal Civil Rule 41 (a)(2)  but rather dismissal of her federal *claims* without prejudice.[2]

There is simply no authority for Plaintiff to seek selective dismissal of only federal claims while contemporaneously preserving and remanding her state claims.  Her entire action could be dismissed but no such request is before the court pursuant to Federal Civil Rule 41.

Rather, Plaintiff's motions seek to bypass both Federal Civil Rule 41 procedures and the removal statute.  Remand under 28 U.S.C. § 1447(c) articulates only two grounds for remand:

1. a defect in the removal procedure, or

2. the absence of subject matter jurisdiction.

---

[2] In the introductory paragraph, "Ms. Griesmar moves the court to stay determination of her Section 1983 claim [or dismiss it without prejudice]. In her conclusion , Ms. Griesmar requests that, "Her state law claim(sic) can be stayed here or dismissed without prejudice as this Court determines bests aid remand."

3

*Page v. City of Southfield,* 45 F.3d 128, 131 (6th Cir. 1995).

Plaintiff concedes neither basis for remand exists here. As such, the court has no ability to grant Plaintiff's combined request for partial dismissal and remand. Plaintiff is simply maneuvering to return to the forum in which she originally pled her case. Under Federal Rule 41 (a) (2), federal claims in Claims One and Two cannot be selectively dismissed in order to return to state court and hold federal claims in abeyance for another day.

**II. PLAINTIFF IS NOT ENTITLED TO A STAY OF PROCEEDINGS ON HER FEDERAL CLAIMS AND REMAND OF HER STATE CLAIMS TO THE SUMMIT COUNTY COURT OF COMMON PLEAS.**

In essence, Plaintiff seeks to have the court decide now whether it will exercise pendent jurisdiction or not under 28 U.S.C. § 1367(c). However, that decision is premature and not before the court in determining the merits of Plaintiff's motions.

Defendants have the right to remove this action to federal court because Plaintiff pled federal claims under 42 U.S.C. § 1983 against them and have these federal claims addressed first before this court makes any decision on exercising pendent jurisdiction. Instead, Plaintiff wants the court to make the decision now to decline pendent jurisdiction, stay her federal claims and return to state court.

Plaintiff also needlessly argues the merits and focus of her claims and attempts to distinguish the protections afforded to her under state and federal law at pages 2 through 4 of her Motion. None of these efforts have any bearing on this court's resolution of the merits of Plaintiff's Motions before this court. Resolution of Plaintiff's alleged state law claims does not hinge on the viability of these federal claims in the Complaint. Griesmar argues that "persuasive federal cases can assist a state court determination of similar state claims." While that may or may not be the case here, it does not have any impact on the decisions before the court based on Plaintiff's

4

Motions. Plaintiff chose to bring these federal claims, not to rely on federal law to support her state claims, but as independent federal claims.

### III. CONCLUSION

These motions represent a proverbial request by Plaintiff to have her cake and eat it too. Plaintiff Griesmar insists on preserving her federal claims but only after she litigates her state law claims in the Summit County Court of Common Pleas. There is no authority for the court to grant a stay of these federal claims and remand the state claims to state court. This request for a contemporaneous stay and remand flies in the face of 28 U.S.C. § 1441 and 28 U.S.C. § 1367.

Federal Rule of Civil Procedure 1 contains a vitally important, often overlooked, mandate that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Allowing either option proposed by Plaintiff's two Motions subverts judicial economy and the overriding principle that only extraordinary circumstances allow a federal court to bow out of exercising jurisdiction rightfully invoked by Defendants. There is absolutely nothing extraordinary about these facts or claims.

This court has subject matter jurisdiction and there is no defect in the removal by the Stow Defendants. Granting a stay of the federal claims while remanding the state claims to state court prejudices Defendants, the City of Stow and Stow Officers Bailey and Lt. Prusha. Separation requires them to defend in two forums based on the same operative facts and contributes to protracted litigation. This is simply an attempted end around the removal statute to avoid the risk that this court will address all of Plaintiff's claims.

In addition, Federal Rule 41 (a) does not allow the selective dismissal of federal claims in order to secure remand to state court.

5

Based on all of the above reasons, Defendants respectfully request that the court deny Plaintiff's Motions.

>Respectfully submitted,
>
>MAZANEC, RASKIN & RYDER CO., L.P.A.
>
>*s/Patricia C. Ambrose Rubright*
>TODD M. RASKIN  (0003625)
>PATRICIA C. AMBROSE RUBRIGHT  (0009435)
>100 Franklin's Row, 34305 Solon Road
>Cleveland, OH  44139
>(440) 248-7906
>(440) 248-8861 – Fax
>Email:   traskin@mrrlaw.com
>             prubright@mrrlaw.com
>
>*Counsel for Defendants City of Stow, Ohio, Officer J. Bailey , and Lt. H. Prusha*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Stay or Dismiss Federal Claims and Remand to State Court was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>*s/Patricia C. Ambrose Rubright*
>TODD M. RASKIN  (0003625)
>PATRICIA C. AMBROSE RUBRIGHT  (0009435)
>
>*Counsel for Defendants City of Stow, Ohio, Officer J. Bailey , and Lt. H. Prusha*

6