UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CANDICE MARIE GRIESMAR                           CASE NO.  5:20-cv-01356

        Plaintiff                                  HON. SARA LIOI, DISTRICT JUDGE

        vs.

CITY OF STOW, OHIO, et al.,                       PLAINTIFF'S REPLY IN SUPPORT OF
                                                 MOTION TO STAY OR DISMISS AND
                                                 REMAND

        Defendants

Before the Court is Plaintiff's Motion to Stay or Dismiss and Remand. [Doc #7 at 51-58]. The defendants City of Stow, et.al., oppose. [Doc #9 at 61-66].  This Reply, under the INITIAL STANDING ORDER. [ Doc #3, IX C. at 27] supports the grant of Ms. Griesmar's motions.

To avoid mischaracterizations and for ease of reference, Stow's arguments are quoted then answered. [ bold italics added]

*__After__ the Court determines these federal claims' merits, this Court __then__ decides whether to exercise pendent jurisdiction*. [ Doc # 9 at 61]

Stow cites no authority for its proposition that "the merits of these federal claims" must *first* be entirely decided *before* this Court can decline the exercise of pendent jurisdiction.

This Court is capable of determining that the federal claims may present claims for relief, which *may* be later decided on the merits and also conclude that the pendent claims present state constitutional issues over which it declines to pendent jurisdiction.

***Plaintiff s Motions are requests to "reverse and contort the removal process to allow her to litigate the state claims."*** [ Doc # 9 at 61]

A timely motion to remand does not "reverse and contort *the* removal process"; a motion to remand is often necessary for the removal process.

This Court controls its docket in the exercise of sound discretion. It is quite capable of determining that while the state and federal claims may share individual facts, the complaint presents specific state constitutional issues that ought to be addressed there.

Let's be clear: Ms. Griesmar believes this Court is ***more*** than capable of determining state constitutional issues. But the motion to remand asks: at this point, should it?  Is that best for the interplay of the state and federal jurisdiction?

The *Robinette* issue is whether after the traffic ticket is issued, can the officer continue to detain and question the traffic offender? The U.S. Supreme Court has held the Fourth Amendment does not bar such conduct. The Ohio Supreme Court has afforded greater protection under the Ohio Constitution.  80 Ohio St. 3d 234.

The U.S. Supreme Court has held that unlawful interrogation bars only statements. CASE.  The Ohio Supreme Court has afforded greater protection and held that such interrogation bars physical evidence seized due to the interrogation. *State v Farris,* 109 Ohio St. 3d 519, 2006-Ohio-3255.

The Ohio Supreme Court has held that arrests for minor misdemeanor offenses violate the Ohio Constitution. *State v Brown*, 99 Ohio St. 3d 323., 2003-Ohio-393

Both state and federal courts require prompt determination of probable cause; the federal rule is 48 hours, Ohio says "forthwith."

***If Plaintiff sincerely did not want "to make a federal case" out of her claims, she should not have filed these federal claims in Claim One and Two of her complaint.*** [ Doc # 9 at 61]

Stow removed this case. Stow made this a federal case.  Plaintiff chooses state court as a more appropriate forum. She did not do so to avoid this Court. Congress has entrusted state courts with § 1983 jurisdiction.  But state court resolution of state claims is preferred. Again, while this Court certainly is more than capable of addressing state constitutional claims, its discretion indeed allows it to decide those state claims *may* be best addressed in state court.

> ***Obviously, Plaintiff does not want this Court to entertain her § 1983 claims and pendent state claims and is forum shopping, despite disavowing any manipulative motive.*** *[ftnote 1].*  [ Doc # 9 at 62]

That is only NOT "obvious"; it is false.  If this Court determines to entertain all claims, so be it.  If it elects *first to consider* the pendent state claims, so be it. Plaintiff does not question discretion, but nothing requires full trial determination of the merits of the federal claim before deciding whether to exercise pendent jurisdiction.

Stow's footnote 1 partially cites *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004).  Stow ignores that Harper "had been on the district court's docket for a substantial amount of time (11 months); the parties had completed discovery; Harper did not abandon his federal claim until he filed his amended complaint, and defendants' summary judgment motions were ripe for decision.

Also, that district court had made several substantive rulings, including Harper's initial motion to remand, Harper's motion for a protective order, and defense motions to compel an independent medical examination. Thus, the district court was familiar with the case's facts and already had invested significant time in the litigation.

There also was clear evidence that Harper ***was*** attempting to engage in forum manipulation. Only after the district court had denied his first motion to remand that Harper dropped his Title VII claim. Then, Harper did not immediately move for remand but instead proceeded with his remaining claims in Federal Court [392 F.3d at 212] for almost six months more. Only after

discovery had been completed, the dispositive motion deadline passed, and Harper was faced with the dismissal of all claims on summary judgment, did he again seek remand to the state court.

The Circuit agreed with the district court that "[s]uch timing appears suspicious and raises questions about Plaintiff's motives in seeking remand." Harper has no application here.

> **Her second option seeks to extract and dismiss her federal claims from this complaint without prejudice and remand the state claims to the Summit County Court of Common Pleas seemingly leaving the door open for resurrection of her federal claims under § 1983 for a later date**. [ Doc # 9 at 62]

Lazarus again rests. Ms. Griesmar and counsel claim no key to open the door of resurrection.  Let's posit *realistic* scenarios.  Remand is ordered. Plaintiff prevails on her state claims. Does Stow seriously fear double recovery?  Plaintiff fails on her state claims. Does  Stow  seriously  think  that  loss  under  "greater"  protection  afforded  by  state constitutional law would not collaterally bar recovery under "lesser" federal protection?

Given the right to appeal, each side's only way that can guarantee not "leaving the door open for resurrection" is to resolve all claims amicably. Stow has slammed that door.

> **The only avenues [Doc.#9 at 63] *this case can return to state court based on this complaint are:***
>
> ***1. If the Court dismisses this entire action (which is not requested by Plaintiff) and refiling of only the state claims in state court; or* [ Doc # 9 at 63]**
>
> ***2. If this Court, after entertaining the merits of the § 1983 claims, dismisses the federal claims and declines to exercise pendent jurisdiction under 28 U.S.C. § 1367. See Stayrook v. Verizon Wireless Services, LLC., 2007 WL 1560280,\*2 (N.D.Ohio 2007) (stating once federal claims are eliminated and state claims remain that, "remand becomes a discretionary decision for the district court.").*** [ Doc # 9 at 63]

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 344 (1988) directly contradicts Stow's "only (two) avenues" argument:

The fact that the federal removal statute, 28 U.S.C. §§ 1441-1451, explicitly authorizes remand in only two situations inapplicable to this case does not mean that Congress intended to preclude remands of removed cases involving pendent claims. Given that the statute's silence does not negate the courts' undoubted power to dismiss such cases, that silence cannot be read to negate the power to remand them.

### _Remand under 28 U.S.C. 1447 (c) articulates only two grounds for remand [citing] Page v. City of Southfield, **45 F.3d 128, 131** (6th Cir. 1995)._ [ Doc # 9 at 63-64]

Again, _Carnegie-Mellon Univ. v. Cohill_, supra, is contrary to Stow's "only two grounds" argument.  _Page_ is no support. In _Page_, the district court remanded the case **_sua sponte_** because it found that not all the defendants consented to the removal within thirty days. _Page_ presented an issue of first impression in the Circuit: whether the federal removal statute authorized a district court to remand a case **_sua sponte_** for a perceived defect in the removal procedure. The Circuit concluded that error subject to appellate review and reversed.  45 F.3d at 130.  No _sua sponte_ issue is presented here.

### _Defendants have the right to remove this action to federal court because Plaintiff pled federal claims under 42 U.S.C. § 1983 against them AND have these federal claims addressed first before this Court makes any decision on exercising pendent jurisdiction_. _[capitals added]_ [ Doc # 9 at 64]

The problems of this argument are in the use of the conjunctive **"and"** plus the implicit definition of "addressed first"; that is, "right to remove" _AND_ "have these federal claims _addressed first_."  Setting aside for argument's sake "the right to remove," Stow presents no authorities for its conjunctive "AND" that federal claims have to be addressed first.

Once removed, this case is in this Court's control. How it determines which claims to address in what order rests in its sound discretion.  Stow has no "right" to any specific order of determination of claims, state or federal.

Stow provides no definitions for "addressed first" but implies that federal claims must be entirely determined on their merits before deciding whether to exercise pendent jurisdiction. But nothing prevents this Court from determining there *may* be a Civ. R. 12(b)(6) basis for federal claims but at the same time deciding it will not exercise pendent jurisdiction over state claims.

> ***Plaintiff also needlessly argues the merits and focus of her claims and attempts to distinguish the protections afforded to her under state and federal law at pages 2 through 4 of her Motion. None of these efforts have any bearing on this Court's resolution of the merits of Plaintiff's Motions before this Court***. [ Doc # 9 at 64]

The facts of this case matter. Facts "have bearing" at every stage. The federal and state protections are similar **but distinct**. Stow's conclusion that there is "absolutely nothing extraordinary about these facts" is further addressed in conclusion.

## CONCLUSION

> ***These motions represent a proverbial request by Plaintiff to have her cake and eat it too***. [ Doc # 9 at 65]

Stow does not *seriously* contend that this case is a "piece of cake."  A single mother and sole counsel [working near pro bono] challenge the City of Stow, its police department policies, facing one of the more able law firms in Northeast Ohio, backed by an insurer footing all bills. Many would argue, "she ought to be happy she 'got off,' not sue the police." But none of those factors change whether in federal or state court.

Oh yea, "piece of cake."  Ms. Griesmar must be "forum shopping."

> ***Federal Rule of Civil Procedure 1 contains a .... mandate that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."***. [ Doc # 9 at 65]

Ms. Griesmar and her counsel agree 100%.  She respectfully submits that her motion to stay or dismiss without prejudice and remand is specifically made "to secure just, speedy, and inexpensive determination."  [Amicable resolution now could also certainly accomplish that, but Stow has been unwilling to discuss a mutual resolution before and after filing.]

### ***There is absolutely nothing extraordinary about these facts or claims***. [Id.]

Earlier, claiming Ms. Griesmar, "needlessly argues the merits" [Doc#9 at 64].  Stow concludes, claiming there is "absolutely nothing extraordinary about these facts."

So, the facts of this case are "ordinary"?

Stow concedes it ordinarily (1) makes midnight traffic stops for "speeding" 55/35 in light traffic with no adverse weather conditions (2) writes *and serves* the traffic citation before asking about the odor of drugs (3) then when the cited offender says she just wants to go home, searches a car without consent (4) places a 21-year-old single working mother with no prior record finishing second shift work under arrest for minor misdemeanor speeding and drug offenses (5) detains her over thirteen (13)  hours without no *forthwith* determination of probable cause (6) no warrant ever issued upon complaints sworn to before another police officer (7) indicts her for a felony (8) learns the "drugs" tested to show no controlled substances, and says (9) "opps" and dismisses the case "without prejudice" 10 months later.

If this experienced Court sees "absolutely nothing extraordinary" about such facts, then perhaps Stow's arguments are not as incredible as they seem to Ms. Griesmar, who lived them.

The proverb that might apply is, "Be careful what you ask for; you just might get it." Remand will result in loss of studied consideration of federal and state issues by this able Court. That IS a high cost which Plaintiff chances only after reflection.

Remand *may* result in a forum more favorable to Stow and its officers, a forum less experienced with police-citizen civil rights, a forum more concerned about the political impact of decisions, and a host of other intangible factors.  Ms. Griesmar hopes not and knows she cannot "lose" this motion, she asks only exercise of sound discretion as this Court deems best.

This Court should stay or dismiss the federal claims without prejudice and remand the state claims at Stow's costs.

Respectfully submitted,

*/s/Mark H. Ludwig*

Mark H. Ludwig  (0017246)
Law Office of Mark H. Ludwig, LLC
For Plaintiff Griesmar

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, a copy of the foregoing Reply in Support of Plaintiffs Motion to Stay or Dismiss Federal Claims and Remand to State Court was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

*/s/Mark H. Ludwig*
Mark H. Ludwig (0017246)
Law Office of Mark H. Ludwig, LLC
For Plaintiff Griesmar