UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANDICE MARIE GRIESMAR, | ) | Case No. 5:20-cv-01356 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Kathleen B. Burke |
| CITY OF STOW, OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Candice Marie Griesmar filed suit in State court alleging that
Defendants City of Stow, Officer J. Bailey, and Lieutenant H. Prusha violated her
rights and those of a putative class under the federal and Ohio Constitutions. (ECF
No. 1-2.) Defendants timely removed the action based on federal question
jurisdiction. (ECF No. 1.) In response, Plaintiff moves to stay or dismiss her federal
claim brought under 42 U.S.C. § 1983 without prejudice and to remand her state
claims. (ECF No. 6.) For the reasons that follow, the Court **DENIES** Plaintiff's
motion.

**STATEMENT OF FACTS**

Plaintiff alleges the following facts in the complaint. On May 30, 2019 officers
from the Stow, Ohio police department subjected Ms. Griesmar to a traffic stop and
cited her for speeding. (ECF No. 1-2, PageID #10.) After issuing the speeding
citation, Officer Bailey requested to search Plaintiff's vehicle because the officer

"continually smelled a light odor of marijuana coming from the vehicle." (*Id.*) According to the complaint, Ms. Griesmar refused to give consent for a search, but the officer "told her due to the odor of marijuana it was actually not an option and that [he] was going to search her vehicle." (*Id.*, PageID #10–11.) Officer Bailey searched her vehicle and found several oxycodone pills. (*Id.*, PageID #15.) Ms. Griesmar was subsequently arrested and charged with felony and misdemeanor drug charges. (*Id.*, PageID #10.) Ultimately, a fifth-degree felony drug charge against Ms. Griesmar was ultimately dismissed. (*Id.*, PageID #18–19.)

## STATEMENT OF THE CASE

Based on these facts, Plaintiff filed suit in State court and brought five claims against Defendants. In Count I, Plaintiff asserts, under 42 U.S.C. § 1983, that the Defendant officers unlawfully detained her and seized her property. (*Id.*, PageID #10.) Plaintiff also claims that a "class of others have been arrested without a warrant" and "without prompt determinations of probable cause." (*Id.*) In Count II, Plaintiff alleges that the City's "failure to maintain and enforce proper training or policies and procedures" violated her federal constitutional rights. (*Id.*, PageID #12.) In Count III, Plaintiff claims she is entitled to declaratory relief and a preliminary and permanent injunction against the practices of the City's police of which she complains. (*Id.*) In Count IV, Plaintiff claims she was falsely arrested and imprisoned in violation of State law. (*Id.*) She also claims that "defendants used excessive force" in the arrests of class members. (*Id.*, PageID #13.) In Count V,

Plaintiff asserts claims under "established state constitutional and statutory law" which "further violates Ohio public policy." (*Id*.)

Defendants timely removed the action. (ECF No. 1.)

## ANALYSIS

Plaintiff moves to stay determination of her Section 1983 claim or, in the alternative, to dismiss her federal claim pursuant to Rule 41(a)(2) without prejudice and remand her pendent State-law claims. The Court addresses each part of the motion in turn.

## I.      Motion to Stay and Remand

Plaintiff seeks to stay her Section 1983 claim and remand her pendent State-law claims. Plaintiff argues she "did not want to make a federal case" out of her action. (ECF No. 6, PageID #44.)

A plaintiff is entitled to remand only if the court lacks subject matter jurisdiction or there is an error in the removal process. 28 U.S.C. § 1447(c). Federal subject matter jurisdiction is established at the time of removal and does not disappear with subsequent narrowing of the issues to exclude federal claims. *Williamson v. Aetna Life Ins. Co*., 481 F.3d 369, 375 (6th Cir. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938)). When a federal court has jurisdiction, it also has a "virtually unflagging obligation . . . to exercise" that authority. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). At the time of removal, this Court had jurisdiction because Plaintiff asserted a claim under Section 1983—a point Plaintiff does not dispute. Nor does

Plaintiff allege any defect in the removal process. Therefore, Plaintiff is not entitled to remand under 28 U.S.C. § 1447(c), and the Court has an obligation to exercise its authority to hear federal claims.

Where a plaintiff is not entitled to remand a court may, in its discretion, choose to remand pendent state claims. *See Carnegie-Melon University v. Cohill,* 484 U.S. 343, 349–51 (1988). A district court must balance the interests of judicial economy and avoidance of multiplicity of litigation in deciding whether to resolve State-law issues. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004). A court may also consider whether a plaintiff is attempting to shop for a State forum. *Cohill*, 484 U.S. at 357; *Harper,* 392 F.3d at 211–12 (finding forum manipulation where the plaintiff moved for remand because the case was on the docket for a substantial amount of time and the parties completed discovery); *Eatherton v. New York Life Ins. Co.*, No. 3:03-cv-7042, 2003 WL 21478979, at *2 (N.D. Ohio 2003) (finding that forum manipulation was not a major concern where remand followed dismissal of federal claims with prejudice).

Plaintiff does not argue that the Court lacks the authority to exercise supplemental jurisdiction over her State-law claims. Plaintiff's Section 1983 claim and State-law claims arise from the same set of operative facts. Dividing her action between State and federal court would waste judicial resources and potentially subject Defendants to inconsistent judgments and a multiplicity of overlapping litigation. Further, Plaintiff's federal constitutional rights lie at the heart of her claims.

Although Plaintiff disavows any manipulative motive in her motion to remand, her request for dismissal of the Section 1983 claim without prejudice suggests she is forum shopping. *See Eatherton*, 2003 WL 21478979, at *2. In balancing the interests of fairness and judicial economy, the Court determines that it has jurisdiction, has an obligation to exercise that jurisdiction, and is the most appropriate forum to adjudicate both Plaintiff's Section 1983 claim and her pendent State-law claims. Therefore, the Court **DENIES** Plaintiff's motion to stay and to remand her pendent State-law claims.

## II.     Motion to Dismiss under Rule 41

Alternatively, Plaintiff moves to dismiss her Section 1983 claim without prejudice pursuant to Rule 41(a). (ECF No. 6, PageID #51.) However, under the law of the Sixth Circuit, Rule 41(a) can only be used to dismiss entire *actions;* accordingly, it cannot be used to dismiss fewer than all parties or all claims. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (finding that a plaintiff may only dismiss an "action" using Rule 41(a), where an "action" is interpreted to mean "entire controversy"). To dismiss fewer than all claims or parties from an action falls to Rule 21. *See id.*; *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21.").

Because Plaintiff only seeks to dismiss a single claim from her action, her motion to dismiss her federal claims under Rule 41(a) is **DENIED**.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to stay or dismiss her federal claims and to remand her State-law claims.

Dated: June 23, 2021

Judge J. Philip Calabrese
United States District Judge
Northern District of Ohio